ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **OMAR SAFAR HALABI**<br><br>Peticionario<br><br>v.<br><br>**CARLOS NOEL BERRÍOS CASILLAS**<br><br>Recurrido | TA2025CE00923 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>**SJ2024CE07091**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de marzo de 2026.

Comparece ante este foro revisor, el Sr. Omar Safar Halabi (señor Safar Halabi o peticionario) y nos solicita que revoquemos la *Resolución Interlocutoria* emitida el 18 de noviembre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de desestimación presentada por el señor Safar Halabi.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* solicitado.

## I.

Surge del expediente que, el 30 de julio de 2024, el señor Safar Halabi incoó una *Demanda* sobre daños y perjuicios, abuso de derecho y persecución maliciosa contra el Sr. Carlos Noel Berríos Casillas (señor Berríos Casillas o recurrido) y el Sr. Rubén Sergio Solanot Quiroga. Alegó que los demandados incurrieron en un patrón de abuso de derecho al servirse de procesos civiles en su contra con la intención de causarle daño, sin tener un interés

legítimo para ejercerlo, lo que le provocó daños económicos y a la reputación. Añadió que estos también instigaron de forma activa y maliciosa, y sin causa probable, un proceso penal en su contra, ocasionándole daños económicos, emocionales y reputacionales.

Luego de varias incidencias procesales, el 20 de marzo de 2025, el señor Berríos Casillas instó su *Contestación a la Demanda y Reconvención*. En esencia, negó la mayoría de las alegaciones en su contra y planteó varias defensas afirmativas. A su vez, reconvino alegando que el señor Safar Halabi le había ocasionado molestias y daños continuos como parte de la convivencia en el complejo de vivienda en el cual ambos residían. Arguyó que el patrón de amenazas, insultos y chantajes continuos e incesantes le llevó a solicitar una orden de protección contra el señor Safar Halabi, la cual le fue concedida el 16 de septiembre de 2022. No obstante, aclaró que dicho patrón no culminó con la expedición de la orden de protección, sino que continuó mediante actos de hostigamiento, acecho, amenazas y otras conductas constantes, lo que lo obligó a mudarse.

Posteriormente, el 27 de marzo de 2025, el señor Safar Halabi presentó una *Moción de Desestimación de Reconvención* mediante la cual sostuvo que de las alegaciones instadas por el señor Berríos Casillas no surgía una reclamación que justificara la concesión de un remedio, pues no se establecieron los elementos básicos de la figura jurídica de persecución maliciosa.

En respuesta, el 29 de abril de 2025, el señor Berríos Casillas instó una *Oposición a Moción de Desestimación de Reconvención*. Esencialmente, sostuvo que tomando por ciertas las alegaciones de hechos bien formuladas en la reconvención, existía base suficiente para una reclamación de daños y perjuicios bajo la figura de persecución maliciosa.

Así las cosas, el 18 de julio de 2025, el foro primario emitió una *Sentencia Parcial*. En esta, razonó que no existían alegaciones de hechos suficientes que, al ser tomadas por ciertas, permitieran concluir que había base para una causa de acción por persecución maliciosa. En consecuencia, desestimó la causa de acción por persecución maliciosa instada por el señor Berríos Casillas contra el señor Safar Halabi. No obstante, el foro primario no desestimó en su totalidad la reconvención, ya que determinó que las alegaciones podrían dar lugar a una compensación bajo la teoría general de daños y perjuicios.

Mas adelante, el 3 de octubre de 2025, el señor Safar Halabi presentó una *Moción de Desestimación de la Reconvención por Prescripción*. Alegó que las actuaciones enumeradas por el señor Berríos Casillas en su reconvención, de ser ciertas, estaban prescritas bajo la doctrina de daño sucesivo. Sostuvo además que el señor Berríos Casillas tuvo un (1) año a partir del conocimiento del daño sufrido para presentar su reclamación judicial o, en la alternativa, presentar una reclamación extrajudicial para interrumpir el término prescriptivo.

El 17 de noviembre de 2025, el señor Berríos Casillas presentó su *Oposición a Moción de Desestimación de Reconvención*. Adujo que el señor Safar Halabi presentó una primera solicitud de desestimación en la que nada reclamó en cuanto a la defensa de prescripción. Así, planteó que, debido a que la defensa de prescripción no se levantó oportunamente, esta se debía entender como renunciada para fines del caso. Además, reafirmó que las alegaciones que daban base a su reclamo de daños y perjuicios eran de naturaleza continua pues las mismas surgieron en el contexto de la convivencia diaria por ser estos vecinos del mismo complejo de vivienda y se extendieron hasta el año 2025.

Evaluadas las posturas de ambas partes, el 18 de noviembre de 2025, el foro primario emitió la *Resolución Interlocutoria* aquí recurrida. Mediante la misma, dispuso que no procedía desestimar la reconvención por prescripción en dicha etapa de los procedimientos. Concluyó que tomando como ciertas las alegaciones de hechos bien formuladas en la reconvención e interpretándolas de la forma más favorable, el señor Berríos Casillas tenía la posibilidad de establecer una causa de acción por actos y daños continuos por los problemas de convivencia alegados. Asimismo, reseñó que de las alegaciones surgía que las actuaciones culposas o negligentes descritas, continuaron presuntamente luego de la expedición de la orden de protección, extendiéndose al punto de tener el señor Berríos Casillas que abandonar la residencia en octubre de 2024.

En desacuerdo, el 18 de diciembre de 2025, el señor Safar Halabi compareció ante este foro revisor mediante recurso de *Certiorari* y alega que el foro primario cometió el siguiente error:

> Erró el Tribunal de Primera Instancia al no desestimar la causa de acción de "daños ordinarios" presentada en la Reconvención por estar prescrita, siendo estos daños de carácter sucesivo, no continuados.

El 21 de enero de 2026, compareció el señor Berríos Casillas mediante *Alegato en Oposición a Certiorari y Desestimación por Falta de Jurisdicción*.

El 19 de febrero de 2026, el señor Safar Halabi instó una moción en auxilio de jurisdicción, con el objetivo de que ordenáramos la paralización de los procedimientos ante el TPI, mientras atendíamos los méritos del recurso. El 24 de febrero de 2026, el señor Berríos Casillas se opuso.

Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

**A**.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre las defensas a formularse se encuentran la falta de jurisdicción sobre la materia y el dejar de exponer una reclamación que justifique la concesión de un remedio.

Al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

Se desprende de lo antepuesto que, el juez o la jueza, al evaluar una solicitud de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, está obligado/a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank*, supra; *Colón v. Lotería*, supra. Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA*, supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013)*; Pressure Vessels PR v. Empire Gas PR*, supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez*

*Estremera et al*, 184 DPR 407, 423 (2012); *Pressure Vessels PR v. Empire Gas PR*, supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

## C.

Las acciones para exigir el resarcimiento del daño sufrido como consecuencia de la culpa o negligencia de un tercero poseen una vida limitada y se extinguen una vez transcurrido el plazo estatuido sin que se interrumpa eficazmente. Artículo 1197 del Código Civil, 31 LPRA sec. 9489; *Rivera Prudencio v. Mun. De San Juan*, 170 DPR 149, 166 (2007). El propósito de la prescripción es fomentar el pronto reclamo de los derechos, a la vez que se protege al obligado de la eterna pendencia de un reclamo en su contra. *Íd.* La prescripción constituye un derecho sustantivo y acarrea la desestimación de cualquier demanda presentada fuera del término previsto para ello. *Íd.*

La prescripción sirve a la paz jurídica, a la seguridad general y al bien público. Son razones de utilidad social las que le sirven de fundamento, las cuales, no pueden quedar al arbitrio de los particulares. *Galib Frangie v. El Vocero de PR*, 138 DPR 560, 566 (1995). Ahora bien, se ha reconocido que la prescripción del derecho es lo excepcional. El ordenamiento jurídico favorece el ejercicio y la conservación de los derechos mediante los medios interruptivos de la prescripción. *Íd.*, pág. 567.

Por otro lado, la teoría cognoscitiva del daño establece que los términos para incoar una causa de acción comienzan a transcurrir cuando el reclamante conoce, o debió conocer, si hubiera empleado un grado razonable de diligencia, que sufrió daños y quién se los causó. Véase, Artículos 1190 y 1204 del Código Civil, 31 LPRA secs. 9482 y 9496. Se toma como verdadero punto de partida en una

acción de daños la fecha en que el perjudicado conoció del daño, quién fue el autor, y, además, desde que éste conoce los elementos necesarios para poder ejercitar efectivamente su causa de acción. *CSMPR v. Jorge S. Carlo Marrero*, 182 DPR 411, 426 (2011). Por lo tanto, el término para ejercer las acciones comienza a transcurrir, no cuando se sufre el daño, sino cuando se conocen todos los elementos necesarios para poder ejercer la acción. *Menéndez, Velázquez v. Rodríguez et al.*, 203 DPR 885, 893 (2020).

Por consideraciones como éstas, se ha indicado que es menester identificar el tipo de daño que se trate para poder establecer el punto de partida del cómputo del término prescriptivo de una causa de acción y, de esta forma conocer con certeza cuál será su momento final. *Rivera Prudencio v. Mun. De San Juan*, supra, pág. 167.

Nuestro ordenamiento jurídico ha definido los daños continuados como:

> [a]quellos producidos por uno o más actos culposos o negligentes imputables al actor, coetáneos o no, que resultan en consecuencias lesivas ininterrumpidas, sostenidas, duraderas sin interrupción, unidas entre sí, las cuales al ser conocidas hacen que también se conozca - por ser previsible - el carácter continuado e ininterrumpido de sus efectos, convirtiéndose en ese momento en un daño cierto compuesto por elementos de daño actual (aquel que ya ha acaecido) y de daño futuro previsible y por tanto cierto.
>
> *Rivera Ruiz et al. v. Mun. de Ponce et al.*, 196 DPR 410, 417 (2016) citando a *Rivera Prudencio v. Mun. De San Juan*, supra, pág. 167.

En *Rivera Prudencio v. Mun. De San Juan*, supra, pág. 167, se destacó que los daños continuados se distinguen por ser daños derivados de un acto ilícito como unidad y no como una pluralidad de daños particulares. Por su naturaleza, el plazo prescriptivo para reclamar por daños de naturaleza continua comienza a transcurrir cuando se verifique el último de los actos o se produzca el resultado definitivo. *Íd.*

Constituyen daños continuados los que son producidos por estorbos públicos, *Capella v. Carrera*, 57 DPR 258 (1940), *Arcelay v. Sánchez*, 77 DPR 824 (1955), *Seda et al v. Miranda Hnos. & Co.*, 88 DPR 355 (1963); así como los resultantes de un patrón de maltrato físico y emocional. *Santiago v. Ríos Alonso*, 156 DPR 181 (2002). Los "daños y perjuicios causados por actos continuos [...] están latentes hasta que cesa la causa que los genera. Bien puede decirse que en tal caso la acción dañosa se renueva de día en día, de hora en hora, de minuto en minuto, de segundo en segundo". *Capella v. Carrera*, supra, pág. 266. De modo que los daños continuados "no descansa[n] en la naturaleza intrínseca del perjuicio ocasionado por la perturbación, y sí en el carácter continuo o progresivo de la causa que lo origina, que renueva constantemente la acción dañosa". *Arcelay v. Sánchez*, supra, pág. 838.

Por otro lado, los daños sucesivos se definen como:

[aquella] secuencia de reconocimientos de consecuencias lesivas por parte del perjudicado, las que se producen y manifiestan periódicamente, o aun continuamente, pero que se van conociendo en momentos distintos entre los que medió un lapso de tiempo finito, sin que en momento alguno sean previsibles los daños subsiguientes, ni sea posible descubrirlos empleando diligencia razonable.

*Rivera Ruiz et al. v. Mun. de Ponce et al.*, supra, pág. 416 citando a *Rivera Prudencio v. Mun. de San Juan*, supra, págs. 167-168.

De tal manera, los daños sucesivos constituyen una cadena de daños unitarios, individuales y concretos que se producen en intervalos finitos de tiempo y producen efectos jurídicos distintos. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 168. Es decir,

[c]ada reconocimiento de una lesión a causa de un acto culposo o negligente produce un daño distinto, generando así cada acto una causa de acción independiente. De allí que el término prescriptivo para el ejercicio de cada una de ellas comienza a contar en el momento en que el daño se manifiesta y el perjudicado tiene conocimiento de él. De esta forma, si el perjudicado interpone una acción resarcitoria transcurrido más de un año del acto dañoso original, su acción estará limitada a los daños ocurridos durante el

último año únicamente, ya que las ocurridas con anterioridad están prescritas. *Íd.*, págs. 168-169.

A modo de ejemplo, se consideran daños sucesivos aquellos que son producto de una serie de traslados ilegales y discriminatorio en el empleo, *Rivera Prudencio v. Mun. de San Juan*, supra; y los producidos por la publicación de una serie de artículos libelosos, *Galib Frangie v. El Vocero de PR*, supra.

En resumen, lo que distingue a los llamados daños sucesivos de los daños continuados es que los sucesivos son daños ciertos que se van repitiendo, sin que necesariamente sean idénticos, de forma tal que no son previsibles o susceptibles de ser descubiertos empleando diligencia razonable. Es decir, la repetición del daño no es previsible. Por tanto, no puede considerarse que la secuencia de los daños ciertos es previsible cuando la repetición de los episodios lesivos es meramente especulativa. *Rivera Prudencio v. Mun. De San Juan*, supra, pág. 168. Así pues, en los daños sucesivos cada lesión a causa de un acto u omisión culposa o negligente produce un daño distinto que, a su vez, genera una causa de acción independiente. *Rivera Ruiz et al. v. Mun. de Ponce et al.*, supra, pág. 417. Por el contrario, en los daños continuados se genera una sola causa de acción que comprende los daños ciertos, tanto los actuales como los previsibles en el futuro, como consecuencia de una conducta torticera continua. *Íd.*

Recalcamos que al momento de examinar la naturaleza de los daños, lo que debemos evaluar es si el acto u omisión que produce el daño es continuo o sucesivo y no, necesariamente, la lesión sufrida. *Rivera Ruiz et al. v. Mun. de Ponce et al.*, supra, pág. 417.

### III.

En su único señalamiento de error, el peticionario aduce que incidió el foro primario al no desestimar la causa de acción de daños presentada en la reconvención por estar prescrita. Manifiesta el

señor Safar Halabi que, tomando como ciertas las alegaciones bien formuladas en la reconvención, no debe existir duda en cuanto a que los hechos concretos sobre alegados envíos de mensajes de texto con insultos, amenazas y propagación de información falsa, así como historias de contenido sensitivo con alegados actos violentos y de tipo sexual contra mujeres, entre otras actuaciones, ocurrieron antes del 16 de septiembre de 2022. Indica que, en su escrito, el señor Berríos Casillas se limitó a presentar alegaciones generales respecto a que tales actuaciones continuaron ocurriendo luego de la expedición de la orden de protección, pero no describió sucesos específicos ni señaló fechas. Sostiene que dichos actos no enmarcan bajo la definición de daño continuado por lo que estos prescribieron bajo la doctrina de daño sucesivo. Concluye que por tratarse de actuaciones independientes una de la otra, el señor Berríos Casillas tenía un (1) año a partir de su ocurrencia para presentar la reclamación en daños y perjuicios.

Por su parte, el recurrido aduce que sus alegaciones fueron detalladas, por lo que daban base a su reclamo de daños y perjuicios. Reafirma que las actuaciones del peticionario fueron de naturaleza continua toda vez que le produjeron un mismo daño, el cual se concretizó con su salida de la propiedad. Ello, al no tolerar la convivencia en el complejo de vivienda por los actos culposos del peticionario. Sostiene además que no ha podido vender la referida propiedad, pues como parte del mismo patrón de conductas culposas, el peticionario interfirió con ese proceso, ocasionándole más daños. Por ello, señala que, contrario a lo reclamado por el señor Safar Halabi, las alegaciones del caso no configuran daños aislados ni sucesivos, sino daños continuos conforme a los criterios establecidos en la jurisprudencia. Así, puntualiza que, tomando como ciertas las alegaciones bien formuladas en la reconvención, no corresponde desestimar su recurso.

Tras examinar detenidamente el expediente ante nuestra consideración, los planteamientos de ambas partes y el estándar aplicable a una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, colegimos que no se cometieron los errores señalados por el peticionario.

Al analizar el contenido de la *Reconvención* de la manera más favorable para el recurrido, se desprende que el peticionario ocasionó molestias y daños al incurrir en un patrón de amenazas, insultos y otro tipo de comunicación dañina hacia la persona del senor Berríos Casillas. El recurrido planteó que dicha situación provocó además que se concediera una orden de protección a su favor y que, posteriormente, tuviera que mudarse a otra propiedad. Ello debido a que las conductas antes descritas continuaron pese a existir una orden del tribunal, lo que provocó que la convivencia diaria con el peticionario le ocasionara ansiedad, molestias y otros malestares. Tales hechos, de probarse, podrían configurar los elementos necesarios para establecer una causa de acción por daños continuos. De forma que, de las alegaciones de la *Reconvención* no surge con certeza que la parte recurrida carezca de derecho a remedio alguno por haber prescrito la causa de acción incoada.

Por lo tanto, luego de analizada la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto de *certiorari* solicitado y, en consecuencia, nos abstenemos de intervenir con la *Resolución Interlocutoria* recurrida. Lo anterior, por no encontrar indicio alguno de que el foro primario actuó de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho.

**IV.**

Por los fundamentos antes expuestos, denegamos expedir el auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Se declara *No Ha Lugar* la moción en auxilio de jurisdicción instada por el señor Safar Halabi.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones